TRANSPORT EQUIPMENT COMPANY, a Washington Corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 8880.

United States District Court, W. D. Washington.

June 16, 1971.

Paul R. Cressman, Seattle, Wash., for plaintiff.

Stan Pitkin, William H. Rubidge, Seattle, Wash., for defendant.

## MEMORANDUM OPINION

**LINDBERG, District Judge.**

This is a civil action arising under the laws of the United States with respect to internal revenue. Jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1346(a) (1).

Plaintiff is a Washington corporation with its principal place of business in Seattle. After the Commissioner of Internal Revenue determined that items manufactured and sold by plaintiff were subject to the tax imposed by 26 U.S.C. § 4061(a), assessments of tax were timely made against defendant in the amounts of $1,136.26 for the fourth quarter of 1966, $490.91 for the first quarter of 1967, and $386.36 for the third quarter of 1967, together with interest thereon. Plaintiff paid these assessments and made a timely claim for refund. The Commissioner disallowed these claims, and plaintiff has instituted this suit.

At issue is whether certain items manufactured and sold by plaintiff are "truck bodies" within the meaning of 26 U.S.C. § 4061(a). If they are, they are subject to the 10% excise tax provided for by that statute.

The items in dispute here are containers, 25 cubic yards in size or larger, which are designed for collection and disposal of trash. The containers may be open topped, or they may be enclosed so they can be used in conjunction with a compacter. All containers are specifically designed to fit and lock quickly and easily onto a truck chassis.

This type of container is normally purchased or used by commercial establishments. The shape of the container can be modified to some extent to fit into the particular location of its intended use. For example, the particular container used at a local hotel is tapered at one end to allow the container to fit in a cramped area. Because they are specifically designed for use on a truck chassis and for transportation on the highways, however, all the containers correspond to the general configuration of an ordinary truck body.

Plaintiff's principal argument in support of its contention is that the containers are primarily designed and adapted for storage rather than for highway use. King Trailer Co. v. United States, 228 F.Supp. 1013 (S.D.Cal.1964), aff'd 350 F.2d 947 (9th Cir. 1965). I do not so find. The parties have agreed that the containers "are designed for use in the collection, storage, and transportation" of trash. It is clear from this and the evidence adduced during trial that the overall purpose of these containers is the disposal of trash. The most significant difference between these containers and other disposal devices is that these containers are specifically designed and adapted for the transportation of trash on the highway. The easy handling and, to a large degree, the general convenience incidental to the use of these containers is dependent upon the fact that the containers are so specifically designed. Whatever may be the "primary purpose" of these containers in the abstract, their primary purpose from the point of view of maker and user is that of transportation on the highway after a brief period of location at an establishment for the accumulation of trash.

I, therefore, find that plaintiff's containers fall squarely within Revenue Ruling 61–159. (1961–2 Cum.Bull.1970). That ruling is both reasonable [1] and persuasive, and accordingly I believe it to be controlling.

Plaintiff's action will be dismissed with prejudice. Defendant will file proposed Findings of Fact, Conclusions of Law and Order of Dismissal with the Court in accordance with this memorandum not later than July 1, 1971.

---

1. I am aware that the containers may spend a large percentage of their time on the ground unattached to a truck chassis during the collection stages of the trash disposal process. One taxable chassis may thus carry many taxable bodies. This is not unreasonable. First, there is nothing in the containers' physical structure or design that requires that they be unattached for considerable amounts of time. Second, it is economically advantageous in this industry to have several bodies for one chassis.