Thanks again Mr. Godfrey for any assistance you might be able to give us.

Respectfully,

(s) Jane Hanneken

Jane Hanneken, M.A.
Supervisor of Physical Education and/or Motor-Percoptual Skills

Milton M. **MORRIS** d/b/a Milmor Manufacturing Company, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

Civ. No. 4269.

United States District Court, S. D. Illinois, S. D.

July 30, 1971.

Richard D. FitzGibbon, Lowenhaupt, Chasnoff, Freeman & Holland, St. Louis, Mo., for plaintiff.

Robert J. Campbell, Tax Division, Dept. of Justice, Washington, D. C., Donald B. Mackay, U. S. Atty., Springfield, Ill., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

POOS, Chief Judge.

This cause having come on for trial without a jury and the Court being fully advised in the premises, after careful consideration of the evidence and testimony submitted at the time of trial, in addition to the records, files and memoranda submitted, now makes its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

(1) This is a Civil Action for the refund of Federal excise taxes, penalties and interest paid for the fourth quarter of 1963 and all four quarters of 1964 files on August 12, 1968.

(2) Plaintiff is an individual doing business under the name of Milmor Manufacturing Company, having its principal place of business at 1300 McKinley Avenue in the City of Venice, State of Illinois, within the Southern District of Illinois. Defendant is the United States of America.

(3) Plaintiff, beginning in 1962 and during all intervening years, is in the steel fabricating business, manufacturing rectangular steel boxes approximately 17 feet long, 8 feet wide and 4 feet 9 inches high, some open at the top and others closed, (7 feet high), and modifying trucks purchased elsewhere by adding hydraulic lift equipment to the truck frame assembly so that the truck can lift the steel box (also known as "container") on to the truck for movement to another location.

(4) Plaintiff filed timely excise tax returns, Form 720, for the five taxable periods in the suit, and reported manufacturer's excise tax on the modifications he added to the truck, but reported no tax with respect to the rectangular steel boxes.

(5) As a result of an audit by an agent of the Commissioner of Internal Revenue, certain deficiencies were recommended, based on the includibility of these rectangular steel boxes as taxable "automobile truck bodies" within Section 4061(a) (1) of the Internal Revenue Code of 1954.

(6) After a full and comprehensive administrative review, including an Appellate Conference in Springfield, Illinois, and a National Office Conference in Washington, D. C., the agent's findings were sustained.

(7) On January 19, 1968 plaintiff was assessed, as is here applicable, for the five quarters, as follows:

|  | Tax | Delinquency Penalty | Interest |
|---|---|---|---|
| 4th Q. 1963 | 790.92 | 197.73 | 189.24 |
| 1st Q. 1964 | 446.60 | 111.65 | 100.23 |
| 2nd Q. 1964 | 395.45 | 98.86 | 82.76 |
| 3rd Q. 1964 | 644.33 | 161.08 | 125.17 |
| 4th Q. 1964 | 736.39 | 184.10 | 132.01 |
| Sub Total | 3,013.69 | 753.42 | 629.41 |
| Total |  |  | 4,396.52 |

(8) On February 13, 1968, plaintiff paid the above assessment of $4,396.52 for the deficiencies under Section 4061(a) (1) of the Internal Revenue Code of 1954.

(9) On February 16, 1968 plaintiff timely filed a claim for refund in the amount of $4,396.52, plus statutory interest in which claim was disallowed by the Commissioner on June 19, 1968.

(10) During the five quarters in suit plaintiff manufactured 31 rectangular steel boxes, (also known as "containers"), selling 16 of them to the Millstone Construction Company, and the other 15 to the Alberici Construction Company. Plaintiff also modified three trucks, selling one to the Millstone Construction Company and two to the Alberici Construction Company.

(11) The rectangular steel boxes (containers) are not primarily designed for use in the transportation of property on the highway; however these "containers" are primarily adapted for use in connection with and add utility to a truck.

(12) The issues before this Court for decision are as follows:

(1) Whether the taxpayer's rectangular steel boxes are "automobile truck bodies" within the purview of Section 4061(a) (1) of the Internal Revenue Code of 1954;

(2) Whether the taxpayer's rectangular steel boxes are "parts or accessories" within the purview of Section 4061(b) of the Internal Revenue Code of 1954; and

(3) Whether the taxpayer's failure to report the excise tax on the rectangular steel boxes subjects him to a delinquency penalty pursuant to Section 6651(a) of the Internal Revenue Code of 1954.

## CONCLUSIONS OF LAW

(1) This Court has jurisdiction over this cause pursuant to 28 U.S.Code, Section 1346(a) (1) as amended.

(2) Internal Revenue Code of 1954 (26 U.S.C.):

"Section 4061 (as amended by Section 203, Highway Revenue Act of 1956, c. 462, 70 Stat. 374, and by Section 204 of the Federal-Aid Highway Act of 1961, P.L. 87–61, 75 Stat. 122, and by Section 3(a) (1) of the Tax Rate Extension Act of 1962, P.L. 87–508, 76 Stat. 114). *Imposition of Tax*

(a) *Automobiles.*—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:

(1) Articles taxable at 10 percent, except that on and after Octo-ber 1, 1972, the rate shall be 5 percent—

Automobile truck chassis.

Automobile truck bodies.

Automobile bus chassis.

Automobile bus bodies.

Truck and bus trailer and semitrailer chassis.

Truck and bus trailer and semitrailer bodies.

Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

A sale of an automobile truck, bus, truck or bus trailer or semi-trailer shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body.

\*     \*     \*     \*     \*     \*

(b) *Parts and Accessories.*—There is hereby imposed upon parts or accessories (other than tires and inner tubes and other than automobile radio and television receiving sets) for any of the articles enumerated in subsection (a) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold, except that on and after July 1, 1963, the rate shall be 5 percent.

(3) Treasury Regulations on Excise Tax (1954 Code) (26 C.F.R.);

Section 48.4061(b)–2 Definition of parts and accessories states in pertinent part as follows:

(a) In general. The term "parts and accessories" includes:

(1) Any article the primary use of which is to improve, repair, replace, or serve as a component part of an automobile, truck or bus chassis or body, or other automobile chassis or body, or taxable tractor,

(2) Any article designed to be attached to or used in connection with such chassis, body or tractor to add to its utility or ornamentation, and

(3) Any article the primary use of which is in connection with such

chassis, body, or tractor, whether or not essential to its operation or use.

The term "parts or accessories" includes all articles which have reached such a stage of manufacture as to be commonly known as parts or accessories whether or not fitting operations are required in connection with their installation. An article shall not be deemed to be a taxable part or accessory even though it is designed to be attached to the vehicle or to be primarily used in connection therewith if the article is in effect the load being transported and the primary function of the article is to serve a purpose unrelated to the vehicle as such. For example, a construction derrick attached to a truck is not a taxable part or accessory inasmuch as the derrick is the load of the truck and its use is in connection with construction work at a construction site rather than in connection with the transportation or loading or unloading function of the truck. On the other hand, an article such as a towing cradle or loading or unloading equipment designed to be attached to or to be primarily used in connection with a truck is a taxable part or accessory inasmuch as the article contributes to the load-carrying function of the truck.

(4) King Trailer Company v. United States, D.C., 228 F.Supp. 1013 (1964), does not apply in this instance inasmuch as the "containers" are not primarily designed for highway use. These "containers" are designed or adapted by the manufacturer for purposes predominately other than the transportation of property on the highway even though incidental highway use may occur. It therefore follows that these "containers" are not truck bodies, and not within the purview of Section 4061(a) (1) of the Internal Revenue Code of 1954.

(5) The applicable standard for determining whether an item is a part or accessory was set down by the Supreme Court in Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051 (1930), as follows:

"* * * Any article designed to be used in connection with such vehicle to add to its utility or ornamentation and which is primarily adapted for such use, whether or not essential to the operation of the vehicle."

Inasmuch as the "containers" in question were designed to be used in connection with the truck to add to its utility or ornamentation and are primarily adapted for such use, there is no question but that the taxpayer's "containers" are a part or accessory of the trucks.

(6) The fact that these "containers" may be used independently of a truck does not preclude a finding that they are parts or accessories. In Universal Battery at p. 584, 50 S.Ct. at p. 423, the Supreme Court has stated:

"We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there had been some other use of the articles for which they are not so well adapted."

(7) Treasury Regulations on Excise Tax (1954) Code (20 C.F.R.) Section 48, 4061(b)–2 permits some relief for taxpayers by providing that an article primarily designed for use with a motor vehicle will not be subject to taxation if the primary function of the article is to serve a purpose unrelated to the vehicle as such. However, where the article contributes to the load-carrying function of the truck, it is taxable as are the "containers" in the instant case. The Court can come to no other conclusion but to hold that the "containers" are the load-carrying function of the truck.

(8) Plaintiff's rectangular steel boxes ("containers"), are "parts or accesso-

**204**

ries" within the purview of Section 4061(b) of the Internal Revenue Code of 1954 thus rendering plaintiff liable for the eight per cent excise tax for the five taxable periods in question.

(9) A refund is due to the plaintiff inasmuch as plaintiff has paid the ten per cent excise tax under Section 4061(a) (1) and for the penalties and interest thereon, whereas plaintiff should only be liable for the eight per cent excise tax under Section 4061(b) of the Internal Revenue Code, and for the penalties and interest thereon.

To the extent that any of the Findings of Fact set forth above may be deemed to be Conclusions of Law, or to the extent that any of the foregoing Conclusions of Law are deemed to be Findings of Fact, the same shall be deemed Conclusions of Law or Findings of Fact as the case may be.