Milton M. **MORRIS**, d/b/a Milmor Manufacturing Co., Plaintiff-Appellant, Cross-Appellee,

v.

**UNITED STATES** of America, Defendant-Appellee, Cross-Appellant.

Nos. 72-1281, 72-1282.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1973.

Decided Aug. 3, 1973.

Henry C. Lowenhaupt, Owen T. Armstrong, St. Louis, Mo., for Morris.

Donald B. Mackay, U. S. Atty., Springfield, Ill., Scott P. Crampton, Asst. Atty. Gen., Jane M. Edmisten, Atty., Tax Div., Dept. of Justice, Washington, D. C., for U. S.

Before CLARK, Associate Justice,* and PELL and SPRECHER, Circuit Judges.

PELL, Circuit Judge.

Taxpayer appeals from a partial judgment in his favor in this excise tax refund suit. The United States cross-appeals. During the five quarters in issue, Morris manufactured rectangular steel boxes, most of which were approximately 17 feet long, 8 feet wide, and 5 feet high and had been designed to be lifted onto trucks purchased elsewhere which taxpayer had modified by adding hydraulic lift equipment. These boxes or "containers" were purchased by construction companies primarily for storage at building sites, for trash accumulation, and for holding tools and materials during movements thereof. The Government contended that the containers were automobile truck bodies and thus subject to a 10% excise tax under Section 4061(a)(1) of the Internal Revenue Code of 1954.[1] Taxpayer paid the assessment with interest and penalties

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, is sitting by designation.

1. The statute during the taxable periods in question provided in material part as follows:

"*(a) Automobiles.*—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which sold:

(1) Articles taxable at 10 percent . . . Automobile truck chassis. Automobile truck bodies. . . . Tractors of the kind chiefly used for highway transportation in combination with a tractor or semitrailer.

 *     *     *     *     *

"*(b) Parts and Accessories.*—(1) Except as provided in paragraph (2), there is hereby imposed upon parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a)(1) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold . . . . ."

and brought this suit for a refund. The district court, 331 F.Supp. 200, concluded that the containers were not automobile truck bodies but were parts or accessories subject to the 8% excise tax, Section 4061(b) of the Internal Revenue Code of 1954. That holding is challenged by Morris, who contends no tax at all was owing or, in the alternative, that the court was correct that the tax should be only 8%.

In reaching the above result, the district court made two findings of fact which the Government and taxpayer view as inconsistent. The Government emphasizes the finding that the containers "are the load-carrying function of the truck." The Government's theory of the case is that containers which contribute to the load-carrying function are taxable as accessories or parts, but that containers, such as the ones in the present case, which constitute the load-carrying function are taxable as truck bodies. Only when the container is the load itself does the Code provide total relief from taxation.

Taxpayer relies on the district court's finding that the containers "are not primarily designed for use in the transportation of property on the highway; however these 'containers' are primarily adapted for use in connection with and add utility to a truck." Morris analogizes them to the "cargo containers" found nontaxable in Rev.Rul. 60–185, 1960–1 Cum.Bull. 412.

■ We agree with the district court that the proper test is that of the primary use design rather than the possibility of particularized ultimate use of a nontaxable variety. Pacific Car and Foundry Co. v. United States, 420 F.2d 905, 912 (9th Cir. 1969), cert. denied, 397 U.S. 1041, 90 S.Ct. 1363, 25 L.Ed.2d 652 (1970). Considering the design of the containers, we are of the opinion that their primary use design is for automobile truck bodies. They were the only bodies that could be utilized by the modified trucks and would give the trucks their transportation capability.

Without the container, the modified truck had no particular transportation capability. The Milmor Prime Mover, the truck chassis which taxpayer modified to enable it to pick up and carry the containers, remains, despite the modification, nothing more than a chassis. Thus, this case is clearly distinguishable from the camper designed to fit a pickup truck involved in King Trailer Co., Inc. v. United States, 228 F.Supp. 1013 (S.D.Calif.1964), aff'd, 350 F.2d 947 (9th Cir. 1965).

■ The district court's finding of fact that the containers were the load-carrying function of the truck is clearly supported by the record since the Milmor Prime Mover, without the containers, was virtually worthless in a material transportation sense. All of its costly special adaptations would have been of no value. On the other hand, the district court's finding that the containers were not primarily designed for use in the transportation of property on the highway, even though the court found that they were primarily adapted for use in connection with the truck, seems to have confused design and ultimate day-to-day use. The containers in question were designed the way they were so that they could be lifted onto the Milmor Prime Mover chassis. It is this special adaptation to carriage by this special truck which distinguishes the containers in the present case from "cargo containers" which may be moved by water, rail, or highway and are nontaxable under Rev.Rul. 60–185. See Rev.Rul. 61–159, 1961–2 Cum.Bull. 170, where this distinction was drawn as to containers similar to taxpayer's. Because the container was primarily adapted for use with the special chassis, it is immaterial that over 90% of the time it is in a fixed position. Nor is it material that some of taxpayer's customers might *use* the container as a fancy storage shed, never moving it. In this analysis we agree with the court in Transport Equipment Co. v. United States, 331 F.Supp. 769 (W.D. Wash.1971), when it held detachable containers designed for the collection

and disposal of trash to be taxable "truck bodies," where the containers in question were designed for use on a truck chassis which transported them from the collection site to the disposal site. The court found that the container fell squarely within Rev.Rul. 61–159, 1961–2 Cum.Bull. 170.

The taxpayer argues that Congress in passing Section 401(a)(2) of the Revenue Act of 1971, which added subsection 4063(a)(7) of the Internal Revenue Code specifically exempting "any box, container, receptacle, bin, or other similar article which is to be used as a trash container . . .," was making it clear that it felt that the court in *Transport Equipment Co.* had misinterpreted the law.

The Government, however, has no difficulty in finding an ancipital aspect to the 1971 statute and argues that "the subsequent enactment reflects the view by the 92nd Congress that such items properly were covered under the statute and that nothing short of a statutory exception could shield them." This deadlock as to the meaning to be ascribed to the later enactment, an impasse which we do not propose to resolve, illustrates the generally unsatisfactory nature of reliance upon this type of support for construction of the precursory statute. "No rule of construction needs more careful application. . . . [T]he later statute may be declaratory of the meaning of the previous law or a codification, or recognition of a contemporaneous construction, crystallizing it into statutory law; it may be a clarification of an earlier act. On the other hand, a later statute may be intended to supplant an earlier act rather than as an elucidation of it." 1 Paul & Mertens, Law of Federal Income Taxation § 3.15, at 46, quoted approvingly in Girard Investment Co. v. Commissioner, 122 F.2d 843, 846 (3d Cir. 1941), cert. denied, 314 U.S. 699, 62 S.Ct. 479, 86 L.Ed. 559 (1942).

For the reasons hereinbefore given, we hold that the district court was incorrect in concluding that the containers were not automobile truck bodies. We do not intend to express any view as to whether or not taxpayer's containers will be subject to the excise tax after the effective date of the Revenue Act of 1971. We, therefor, reverse and remand to the district court so that it may enter judgment for the United States on the cross-appeal and against the plaintiff on its complaint.

Reversed and remanded.