**FISHER ENGINEERING, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 12–14.**

United States District Court, D. Maine, S. D.

March 30, 1974.

Irving Isaacson, Lewiston, Me., for plaintiff.

Peter Mills, U. S. Atty., Hon. John B. Wlodkowski, Asst. U. S. Atty., Portland, Me., A. I. Castelli, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., for defendant.

OPINION AND ORDER
OF THE COURT

GIGNOUX, District Judge.

This is a suit for refund of $60.00 federal manufacturers excise taxes and

interest alleged to have been erroneously assessed to plaintiff for the fourth quarter of 1969. The question presented is whether the hydraulic snowplow lifting mechanism manufactured and sold by plaintiff for attachment to the front end of a truck body is an automobile part or accessory subject to the tax imposed by Section 4061(b)(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 4061 (b)(1).

No material facts are disputed. Plaintiff Fisher Engineering, a Maine corporation, manufactures and sells a vehicular snowplow designed primarily for use on lightweight trucks and four-wheel drive passenger vehicles. The lifting mechanism for the snowplow blade consists of a headgear assembly [1] and a hydraulic lifting unit.[2] The hydraulic lifting unit is mounted onto the crank shaft pulley of the vehicle's engine, which activates the pumping process providing the hydraulic power to operate the snowplow blade. Each lifting mechanism is custom designed to fit the particular make and model of vehicle to which it is to be attached. As of the time of trial, plaintiff designed a lifting mechanism for about "ten different makes and about three different models of each make and for about ten different years of each model." Some 150 variations of the lifting mechanism are presently in existence. In order to attach the lifting mechanism to a vehicle, it is necessary to modify the front bumper and to bolt the mechanism to the chassis. Approximately eight trained man-hours are required to attach or remove the lifting mechanism. The primary purpose of the lifting mechanism is to allow the snowplow blade to be attached to the vehicle so that it can be used for plowing snow. The lifting mechanism also makes it possible for the driver of the vehicle to move the blade horizontally and vertically. Plaintiff's lifting mechanism cannot be used with any other equipment manufactured by plaintiff or with any other type of snowplow.

On June 14, 1962, the Internal Revenue Service issued a private ruling to plaintiff which held that the entire snowplow was nontaxable. Subsequently, on October 6, 1969, the Service published Rev.Rul. 69–506, 1969–2 Cum.Bull. 203, which held that the snowplow blade is not subject to tax, but that the lifting mechanism is taxable as a part or accessory under Section 4061(b)(1). Subsequent to the trial of the present action, the Service published Rev.Rul. 72–614, 1972–2 Cum.Bull. 549, holding that the lifting mechanisms designed to be used on four-wheel drive passenger vehicles are not taxable as parts or accessories under Section 4061(b)(1). The parties agree that the only issue remaining in this case is the taxability of the lifting mechanisms designed for mounting on trucks. Plaintiff paid $60.00 excise taxes for the quarter ended December 31, 1969 on the sale of three such mechanisms, and, when its claim for refund was disallowed, timely brought the present action.

Section 4061(a)(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 4061(a)(1), imposes a ten percent excise tax on the sale by manufacturers of certain trucks, buses, trailers and tractors, including parts or accessories sold on or in connection with the sale of such vehicles. Section 4061(b)(1), with which this case is concerned, imposes an eight percent tax on the sale of parts or accessories for such vehicles which are sold separately from the vehicle.

The term "parts or accessories" as it is used in Section 4061(b) is defined in Section 48.4061(b)–2 of the Treasury Regulations on Manufacturers and Re-

---

1. The headgear assembly includes a headgear, a lift arm, a lift cylinder, headgear attaching braces and miscellaneous fasteners.

2. The components of the hydraulic lifting unit include a hydraulic pump, a three-way valve, a hydraulic lift hose, a lift control cable, a pump mounting bracket, assorted belts and pulleys and miscellaneous fasteners.

tailers Excise Tax (1954 Code), 26 CFR § 48.4061(b)–2. That section provides in pertinent part as follows:

Section 48.4061(b)–2 *Definition of parts or accessories.*—

(a) *In general.* The term "parts or accessories" includes (1) any article the primary use of which is to improve, repair, replace, or serve as a component part of an automobile truck or bus chassis or body, or other automobile chassis or body, or taxable tractor, (2) any article designed to be attached to or used in connection with such chassis, body, or tractor to add to its utility or ornamentation, and (3) any article the primary use of which is in connection with such chassis, body, or tractor, whether or not essential to its operation or use. * * * An article shall not be deemed to be a taxable part or accessory, even though it is designed to be attached to the vehicle or to be primarily used in connection therewith if the article is in effect the load being transported and the primary function of the article is to serve a purpose unrelated to the vehicle as such. ·* * *

The validity of the predecessor of this regulation was upheld by the Supreme Court in Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L. Ed. 1051 (1930). In *Universal Battery,* the Court stated with respect to the statutory purpose:

. . . [T]he scheme of taxation embodied in these provisions centers around the motor vehicles enumerated therein. Their sale is the principal thing that is taxed, and the sale of parts and accessories "for" such vehicles is taxed because the parts and accessories are within the same field with the vehicles and used to the same ends. *Id.* at 583.

In upholding the reasonableness of the regulation, the Court further stated:

We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted. *Id.* at 584.

■ From the record in this case, there can be no doubt that plaintiff's lifting mechanisms qualify as "parts or accessories" under all three clauses of Regulation 48.4061(b)–2(a). Clearly, the primary use of the lifting mechanism is to serve as a component part of the vehicle to which it is attached within the meaning of clause (1). Each lifting mechanism is uniquely designed to conform to the specifications of the truck model to which it is to be attached, the truck's front bumper must be modified before the mechanism can be attached, and the only purpose of the mechanism is to adapt the truck to perform a snowplow function. It is equally obvious that the lifting mechanism qualifies under clause (2) as an article designed to be attached to or used in connection with the vehicle to add to its utility. The undisputed evidence is that the function of the mechanism is to make possible the attachment of the plow blade to the vehicle and that only when the lifting mechanism has been installed and the plow blade attached thereto does the vehicle become suitable for plowing snow. When the mechanism has been installed, a vehicle not suitable for snowplowing is converted to one which is; thereby the utility of the vehicle is greatly improved by increasing the number of functions it can perform. Finally, it cannot be doubted that the lifting mechanism qualifies under clause (3), since it is uncontroverted that the sole use of the lifting mechanism is in connection with the vehicle to which it is attached and the mechanism has no functional value independent of the vehicle.

While each case must turn on its own facts, the decided cases and Revenue Rulings are consistent with the foregoing conclusion. Thus, in analogous con-

texts, the courts have held taxable as parts or accessories camper covers designed to be mounted on the bed of a pickup truck, 20th Century Manufacturing Co. v. United States, 444 F.2d 1109, 195 Ct.Cl. 295 (1971); laminated boards designed as flooring for trucks, Burruss Land and Lumber Co. v. United States, 456 F.2d 38 (4th Cir. 1972); radio antennae for attachment on automobile bodies, Van Norman Industries, Inc. v. United States, 361 F.2d 992, 176 Ct.Cl. 16 (1966), cert. denied, 386 U.S. 981, 87 S.Ct. 1285, 18 L.Ed.2d 229 (1967); steel containers contributing to the load-carrying function of a truck, Morris v. United States, 331 F.Supp. 200 (S.D.Ill. 1971). *See also* International Manufacturing Co. v. United States, 382 F.2d 307, 180 Ct.Cl. 1196 (1967) (portable baby seats and beds for use in automobiles held taxable); Aran v. United States, 259 F.2d 757 (9th Cir.), cert. denied, 358 U.S. 866, 79 S.Ct. 100, 3 L. Ed.2d 100 (1958) (baby bottle warmers designed to operate from the cigarette lighter outlet in an automobile held taxable); Masterbilt Products Corp., v. United States, 42 F.Supp. 294, 95 Ct.Cl. 451 (1942) (cigarette dispensers designed to be used in an automobile held taxable). Similarly, the Internal Revenue Service has ruled taxable such articles as snap-coupling hitches designed to be attached to the front of trucks for the purpose of coupling snowplows to the trucks, Rev.Rul. 63–261, 1963–2 Cum.Bull. 501; wrecker cranes designed for use with service and towing vehicles, Rev.Rul. 65–166, 1965–1 Cum.Bull. 465; hydraulic hoists for dump trucks, Rev. Rul. 63–211, 1963–2 Cum.Bull. 498; hydraulic truck loaders for mounting on dump trucks, Rev.Rul. 64–106, 1964–1 (Part 1) Cum.Bull. 370; wrecker cranes and car dollies designed to be mounted on tow trucks, Rev.Rul. 70–157, 1970–1 Cum.Bull. 223; hydraulic waste container lifting units for mounting on truck bodies, Rev.Rul. 60–196, 1960–1 Cum. Bull. 417; and ramps used in loading and unloading trucks, Rev.Rul. 72–534, 1972–2 Cum.Bull. 552. The principle of these rulings is that the article in question was designed to be attached to and used in connection with the vehicle to add to its utility.

Plaintiff vigorously urges that its lifting mechanism is not a taxable part or accessory by reason of that part of Regulation 48.4061(b)–2(a) which exempts from tax an article which is in effect the load being transported by the vehicle and the primary function of which is to serve a purpose unrelated to the vehicle as such. For this proposition, plaintiff relies on King Trailer Co. v. United States, 228 F.Supp. 1013 (S. D.Cal.1964), aff'd, 350 F.2d 947 (9th Cir. 1965) and Rex Chainbelt, Inc. v. United States, 72–1 USTC ¶ 16,029, aff'd 484 F.2d 651 (7th Cir. 1973), and on several Revenue Rulings. These cases and Revenue Rulings are, however, completely distinguishable. In each instance, it was determined that the article in question performed a function wholly unrelated to that of the vehicle and was mounted on the vehicle only for the purpose of being transported to the place where it could perform its function. *King Trailer* illustrates the distinction from the present case. In that case, the court held that a "pickup coach," essentially a small house trailer without wheels, designed to be transported in the bed of a pickup truck, was not a part or accessory subject to tax under Section 4061(b). As the rationale for its holding, the Court emphasized that, although designed to be transported on a truck, the coach performed its function independently of the truck:

> Although each coach is designed to be carried on such motor vehicles it does not truly complement the vehicle's own function or ornament it. . . . Of even more import is the fact that it does not depend on the motor vehicle to perform *its* major function as a residence. . . . The coach's primary purpose is to provide a residence, which is at least temporary, for its owners. It performs this function equally well when it is off the pickup

truck. It doesn't need the aid of any part of the vehicle to perform its function as a residence . . . . 228 F.Supp. at 1020.

*Rex Chain Belt* further explicates the distinction. The court's holding that a transfer case for a mechanical drive train constituting part of a cement mixer system was not a taxable part or accessory of the truck upon which the mixer was mounted was predicated on its finding that "the transfer case bears the same relationship to the truck chassis that a parasite bears to its host, taking from it and contributing nothing to its operation." 72–1 USTC ¶ 16,029 at 84,805. The Revenue Rulings which plaintiff cites also reflect the distinction. For example, in Rev.Rul. 64–189, 1964–1 Cum.Bull. 378, an "aerial platform" designed to be mounted on a truck for elevating workmen to high places for painting, maintenance, tree-trimming, street light service, etc., was determined to be a load being transported, serving a primary purpose unrelated to that of the vehicle, and thus tax exempt; in Rev.Rul. 64–166, 1964–1 Cum. Bull. 378, a "derrick and digger" designed to be mounted on a truck and used to dig holes at a job site was found not to constitute a taxable part or accessory because its function was unrelated to that of the truck; and in Rev.Rul. 59–288, 1959–2 Cum.Bull. 250, a truck-mounted crane primarily used for job-site operations rather than for any truck-related function was found " . . . in effect the load of the vehicle on which it is mounted." [3]

In summary, unlike the articles found to be nontaxable in the cases and Revenue Rulings cited by plaintiff, the lifting mechanism manufactured by plaintiff is an article the primary purpose of which is to serve as a component part of the vehicle to which it is attached; the installation of the lifting mechanism adds to the utility of the vehicle by permitting it to be used as a snowplow; and the sole use of the lifting mechanism is in connection with the vehicle. Under such circumstances, it cannot realistically be said that the purpose the lifting mechanism serves is unrelated to that of the vehicle or that it is mounted on the vehicle solely for the purpose of being transported.[4]

For the foregoing reasons, the Court holds that plaintiff's snowplow lifting mechanism meets the definition of "parts or accessories" set out in Treasury Regulation 48.4061(b)–2(a), and as such is subject to the tax imposed by Section 4061(b)(1) of the Internal Revenue Code of 1954. Accordingly, judgment will be entered dismissing plaintiff's complaint, with prejudice.

It is so ordered.

---

3. Rev.Rul. 59–288 also held, however, that the transmission power take-offs used to operate such cranes are taxable parts or accessories.

4. In its brief, plaintiff presents the alternative argument that the hydraulic lifting unit in question is not subject to taxation under Section 4061(b)(1) because it is a part designed for use with a nontaxable product, the plow blade assembly. In illustration of this principle, plaintiff cites four Revenue Rulings which exempt from Section 4061(b) taxation respectively, a hydraulic hoist used in the manufacture of a nontaxable article, Rev.Rul. 63–211, 1963–2 Cum.Bull. 498; a lifting jack especially designed for use with a nontaxable article, Rev.Rul. 66–164, 1966–1 Cum.Bull. 253; a truck cab especially designed for a fire-fighting vehicle, Rev.Rul. 56–275, 1956–1 Cum.Bull. 505; and a cab for an airport rescue vehicle, Rev.Rul. 60–269, 1960–2 Cum.Bull. 296. As the foregoing opinion makes clear, the hydraulic lifting unit is especially designed for attachment to and use with a taxable truck body. Therefore, plaintiff's alternative theory has no application to this case.