**FISHER ENGINEERING, etc.,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 74–1179.

United States Court of Appeals,
First Circuit.

Submitted Sept. 9, 1974.

Decided Oct. 15, 1974.

Irving Isaacson and Brann & Isaacson, Lewiston, Me., on brief for appellant.

Scott P. Crampton, Asst. Atty. Gen., Washington, D. C., and Peter Mills, U. S. Atty., Portland, Me., Ernest J. Brown, William A. Friedlander and William M. Brown, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Taxpayer appeals from the district court's [1] denial of its claim for recovery of taxes alleged to have been erroneously and illegally assessed. *See* 28 U.S.C. § 1346(a)(1). We are asked to determine whether the district court erred in sustaining the Internal Revenue Service's ruling that the lifting mechanism forming part of a hydraulic snowplow manufactured and sold by taxpayer is an automobile part or accessory subject to the excise tax imposed by 26 U.S.C. § 4061(b)(1).

The snowplow is designed for attachment to light trucks and other vehicles not material here. It consists of a blade and its associated parts (the blade assembly) and the lifting mechanism. The latter includes hydraulic machinery to raise and lower the blade assembly, and a frame which serves to affix the entire apparatus to the vehicle's chassis. The lifting mechanism takes power from the truck's engine by means of a connection to the crankshaft pulley. Once installed, the lifting mechanism is designed to remain on the vehicle year round, but the blade assembly is detachable so that it may be removed when the vehicle is unlikely to be needed as a snowplow.[2]

In 1962 the Internal Revenue Service issued a private ruling that the entire snowplow apparatus was nontaxable. But it partially reversed this determination in 1969, ruling that the lifting mechanism portion was taxable as a "part or accessory" under section 4061(b)(1) although the blade assembly was still nontaxable. Rev.Rul. 69–506, 1969–2 Cum.Bull. 203. Taxpayer takes exception to the 1969 ruling.

Section 4061(b)(1) of the Internal Revenue Code of 1954 imposes a tax upon parts or accessories (other than tires or inner tubes) for any of the articles enumerated in section 4061(a)(1)

---

1. 376 F.Supp. 541 (D.Me.1974).

2. The district court found that each lifting mechanism is custom designed to fit the particular make and model of vehicle, and that plaintiff had designed a lifting mechanism for about ten makes and three models of each make and for about ten different years of each model. To affix the lifting mechanism to a vehicle, it is necessary to modify the front bumper and bolt the mechanism to the chassis, a process requiring about eight trained man-hours. The lifting mechanism cannot be used with any other equipment or for any other type plow.

when sold by the manufacturer, producer, or importer. Among the articles enumerated in section 4061(a)(1) are chassis and bodies for automobile trucks, automobile buses, truck and bus trailers and semitrailers, and highway tractors. The parties do not dispute that trucks to which the snowplow apparatuses are designed to be affixed come within the enumeration of section 4061(a)(1).

The Treasury Regulations issued under section 4061(b)(1) provide that

"[t]he term 'parts or accessories' includes (1) any article the primary use of which is to improve, repair, replace, or serve as a component part of an automobile truck or bus chassis or body, or other automobile chassis or body, or taxable tractor, (2) any article designed to be attached to or used in connection with such chassis, body, or tractor to add to its utility or ornamentation, and (3) any article the primary use of which is in connection with such chassis, body, or tractor, whether or not essential to its operation or use."

■ Taxpayer does not contest the validity of these Regulations, which were approved in substantially identical form in Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051 (1930). It argues that the snowplow lifting mechanism cannot be considered a "part or accessory" under the definition set forth. However, the district court held, and we agree, that the taxpayer's lifting mechanism met the definitional requirements of all three clauses. Its primary use is to improve the vehicle chassis to which it is affixed; it is designed to be attached to such chassis and add to its utility; and its primary use is in connection with such chassis. We do not repeat the district court's careful and correct analysis of these points. See 376 F.Supp. at 543–544.

■ Appellant urges two additional objections to the inclusion of its lifting mechanism under section 4061(b)(1). It points to the administrative exclusion from parts or accessories of those articles that are "in effect the load being transported and the primary function of [which are] to serve a purpose unrelated to the vehicle as such." Treas.Reg. § 48.4061b–2(a). Taxpayer contends that its snowplow apparatus, like other articles exempted from tax under this provision, is the "load" of the vehicle upon which it is mounted. The rulings upon which it relies, however, are distinguishable. They concern articles which were designed for stationary use and were to be operated completely independently of the transporting vehicle. See, e.g., Rev. Rul. 58–569, 1958–2 Cum.Bull. 767 (hydraulic towers for street light maintenance); Rev.Rul. 59–288, 1959–2 Cum. Bull. 250 (construction cranes); Rev. Rul. 64–166, 1964–1 Cum.Bull (Part 1) 378 (hydraulic derrick and digger); Rev.Rul. 64–189, id. (aerial maintenance platform). The present apparatus has no function apart from the vehicle to which it is attached. It is, in effect, an extension of the vehicle. We agree with the district court that taxpayer's apparatus is not a "load" within the meaning of the Regulations.

■ Taxpayer's final contention is that if the snowplow blade assembly is nontaxable, the lifting mechanism must likewise be nontaxable. Presented in taxpayer's brief in several different fashions, this argument contains one central contention: the snowplow apparatus is unitary and all components must receive uniform tax treatment.

We cannot say, however, that the Commissioner went beyond the bounds of reason in affording different tax treatment to the two assemblies which together make up the snowplow that taxpayer markets. Clause (1) of the Regulations speaks in terms of "improving" a truck chassis or body, but nearby words such as "repair, replace, or serve as a component part" suggest a degree of more or less permanent incorporation of

the article in the taxable chassis. The lifting mechanism, which is rigidly bolted to the chassis and which is custom designed for the particular model, meets the conception posited by the Regulations more than does the detachable blade, which may be stored separately for months at a time while the truck bearing the lifting mechanism goes about its other business. It is true that the lifting mechanism is useless without the blade assembly. But it is equally useless without the host vehicle to the body of which it is firmly bolted, and which supplies power for its hydraulic mechanism. We think the Commissioner could reasonably determine that the "primary use" of the lifting mechanism was to improve the truck chassis or body (*viz.*, so that it was adapted to receive the plow blade assembly), while the "primary use" of the blade was not so much to "improve" the chassis or body as to plow snow.

Admittedly we are dealing with refined semantic distinctions. The continuum representing which article constitutes a part or accessory contains few obvious demarcations. But we think the Commissioner has drawn an acceptable line. We note that in Rex Chainbelt, Inc. v. United States, 484 F.2d 651 (7th Cir. 1973), a decision cited by appellant, the court, though not deciding the point, was unsympathetic to an argument similar to appellant's. The court said that while a transfer case connecting a truck's engine to a nontaxable concrete mixer was perhaps also related to the functioning of the exempt mixer,

> "it would seem that an equally strong argument could be made to the effect that primacy was to be found in the connection with the chassis and particularly the motor thereof. It would be difficult in our opinion to say that the attachment did not add utility to the chassis." [3]

*Cf.* Rev.Rul. 59–288, 1959–2 Cum.Bull. 250, 251.

We conclude that the taxpayer has not established that the district court's decision was incorrect as a matter of law.

Affirmed.

---

3. 484 F.2d at 653. The Seventh Circuit went on to hold that the transfer case was exempted from the excise tax by virtue of a separate provision of the Code, 26 U.S.C. § 4218(c). Section 4218(c) imposes a "use" tax upon the manufacturer of an automobile part or accessory who utilizes—rather than sells—the part or accessory, but the "use" tax does not apply if the manufacturer uses the part or accessory "as a component part of" any other article he manufactures. In *Rex Chainbelt* the lower court found as a fact that the transfer case was a component part of the mixer and the circuit court was persuaded that by virtue of the exception the taxpayer was exempt not only from the use tax but from any section 4061(b) tax as well. The latter point seems debatable as it is not entirely clear that the exemption from the section 4218(c) use tax provision necessarily permits an identifiable automobile part or accessory to escape tax under section 4061(b) when the nontaxable article with which it has become conjoined is sold. *Cf.* Treas.Reg. § 48.4218–1(b)(2)(ii). However, that question is not now before us, the district court having declined to entertain argument belatedly offered concerning the possible effect of section 4218(c). In any event, this case is distinguishable from *Rex Chainbelt* in that the district court has found the "primary" use of the lifting mechanism to be associated with the truck. Moreover, as the Government points out, while a transfer case may be a component of a mixer, a lifting mechanism is less aptly described as a "component" of the blade. Rather the lifting mechanism and the blade assembly together constitute taxpayer's snowplow. The articles are sufficiently distinguishable to permit separate tax treatment.